**EXHIBIT 1**

## IN THE DISTRICT COURT OF WAGONER COUNTY STATE OF OKLAHOMA

PEGGY SPRINKLES,                          )
     Plaintiff,                          )
                           )     Case No. CJ-2017-*100*
v.                                        )
                           )
BOARD OF TRUSTEES OF THE TOWN             )
OF PORTER; PORTER PUBLIC WORKS            )
AUTHORITY; STEVE DICKEY; individually     )
and JACKIE TODD; individually             )
     Defendants.                         )

### PETITION

COMES NOW the Plaintiff Peggy Sprinkles (Plaintiff) and hereby submits her Petition in the above matter.   In support thereof, Plaintiff alleges and states as follows:

1.    Plaintiff is an individual who is a former employee of the Town of Porter and Porter Public Works Authority. Plaintiff began working for the Town of Porter Public Works Authority (PPWA) in 2014 and was appointed Treasurer of the Town of Porter in September 2015 by the Board of Trustees of the Town of Porter to finish the term of her predecessor then ran unopposed in 2016 and won the position of Town Treasurer.

2.    That the Town of Porter is a Town located within Wagoner County Oklahoma and pursuant to 11 O.S. § 12-102 the Board of Trustees is the governing body of the Town of Porter.  Upon information and belief, the Town of Porter is a Statutory Town Board of Trustee Form of Government.

3.    PPWA is a public entity located within Wagoner County; specifically, it is the utility entity for the Town of Porter.

4.     Steve Dickey is the Mayor of Porter and was the decision maker in the decision to terminate and retaliate against Plaintiff as described below.

5.     PPWA and Town of Porter are public bodies within the purview of Oklahoma law.

6.     In October of 2016 Plaintiff was employed with the Town of Porter as the Town Treasurer, an elected position.  Plaintiff was also employed with PPWA as the water clerk.

7.     On or about October 5th 2016, Plaintiff sustained an on-the-job injury, while working for PPWA; specifically she sustained a hernia while probing a cemetery.

8.     Plaintiff reported the injury immediately and neither PPWA or the Town of Porter sent her to doctor right away and did not fill out a first report of injury as required.

9.     On January 16th 2017 Plaintiff told the Mayor, Steve Vickey of the injury.

10.    Almost immediately upon learning of Plaintiff's injury, Vickey notified the Town Clerk of the need for a Special Meeting for the 19th of January 2017 to consolidate Plaintiff's elected position as Treasurer with that of the Town Clerk.

11.    On January 19th 2017 an alleged Special Meeting for the Town of Porter was had.

12.    The Town of Porter is a public body within the Oklahoma Open Meetings Act 25 O.S. § 301 et. seq.

13.    That the Town of Porter unlawfully conducted a Special Meeting in its haste to eliminate Plaintiff's position.  Notice for the meeting was posted

2

January 18th 2017 at 9:00 a.m. and the meeting was had on January 19th
2017 at 6:00 pm. 25 O.S. § 311 requires a minimum of 48 hours for a
special meeting, thus any action taken during this meeting is a nullity.
Further exacerbating Town of Porter's unlawful conduct was the Town's
refusal to accept Plaintiff's resignation. On March 9th of 2017, the Town
of Porter refused to accept Plaintiff's resignation despite her resignation
being effective as a matter of law as effective upon submission.

14.  After Plaintiff's position as Town Treasurer with Town of Porter was
unlawfully eliminated, PPWA held a Special Meeting on February 2nd 2017
and the PPWA Board, which consists of the same members as the Board
of the Town of Porter, terminated Plaintiff from her job with PPWA after
coming out of executive session. As a result of the conduct of Town of
Porter, Plaintiff was constructively discharged from her position as
Treasurer as well as removal/elimination of this position.

15.  Both the Town of Porter and PPWA published and disseminated a
document entitled "Town of Porter And Porter Public Works Personnel
Policies." A copy of this document is attached hereto as Exhibit 1 and
incorporated herein as though fully set forth herein. Pursuant to this
document, Plaintiff could only be terminated for "just cause."

16.  As a result of Plaintiff's employment with Town of Porter and PPWA,
Plaintiff had a reasonable expectancy of continued employment through
an expressed and implied employment contract with PPWA and an
elected position with the Town of Porter. Specifically, the employee
handbook, policy and procedures manual and conduct of Defendants

3

Dickey, Moore and PPWA provided Plaintiff with a reasonable expectation for continued employment by placing and implying substantive restrictions on termination. This includes an explicit progressive discipline policy. Moreover, the handbook provided for non-retaliation and discrimination. Plaintiff had a contract, both implied and expressed with Defendant PPWA. Defendant PPWA breached this contract by terminating Plaintiff contrary to progressive discipline, not following written policy and retaliating against Plaintiff.

17.   Defendants continued to harass Plaintiff, including reprimanding her for a bogus reason after Plaintiff would not provide special treatment to Board Member Jackie Todd on a water bill, and after Plaintiff inquired with the City Attorney about how to handle the Mayor's delinquent water bill. Further, Plaintiff was directed by Defendant Todd to bill an individual for a water bill that was not attributable to this person and Plaintiff refused to do this. Plaintiff was reprimanded for going on a vacation that she was entitled to as an employee benefit and PPWA refused to accept the resignation of Plaintiff.

## COUNT I

### BREACH OF CONTRACT-DEFENDANT PPWA

18.   Plaintiff had an employment contract with Defendant PPWA as set forth, *inter alia*, in the policies and procedures utilized by PPWA, its representatives, agents and employees.

19.   Pursuant to the employment contract, Plaintiff could only be terminated from her employment upon certain conditions and was entitled to certain

4

procedures prior to being terminated.  This includes mandatory

progressive discipline policies, which includes only able to be terminated

for a commission of a major offense or after the implementation of

progressive discipline.  In this case, progressive discipline was not utilized

nor did Plaintiff commit a major offense, or any offense for that matter.

The stated reason for Plaintiff's termination was bogus.   Plaintiff's

contract promised continued employment based on merit and non-

harassment.

20.     As a result of PPWA's conduct, Plaintiff has suffered damages including

loss wages, diminished earning capacity, and financial damages in excess

of $10,000.00.

21.     Plaintiff should be reimbursed her reasonable attorney fees and costs.

### COUNT II

### 42 U.S.C. § 1983 –PROCEDURAL DUE PROCESS-DEFENDANTS PPWA, MOORE and DICKEY

Plaintiff restates and re-alleges the foregoing allegations.  Additionally,

Plaintiff alleges:

22.     Plaintiff had a reasonable expectancy of continued employment with

PPWA thus triggering Plaintiff's due process rights.

23.     That Plaintiff was entitled to procedural due process prior to being

terminated.

24.     Plaintiff was terminated without being afforded adequate procedural due

process in violation of the Fourteenth Amendment of the United States

Constitution.  Specifically, Plaintiff was not provided a pre-termination

hearing, notice, an opportunity to respond, or any procedural due process.

25.    That Defendants Moore and Dickey are individuals who decided to terminate Plaintiff, asked for her termination urged for and caused her termination and violated clearly established law in terminating her without affording her procedural due process.

26.    That Defendants Moore and Dickey are policy makers and/or individuals with supervisory authority and the conduct by them was taken under color of law.

27.    Defendants Moore and Dickey utterly, completely and totally failed to provide Plaintiff procedural due process prior to her termination and as such Defendants Moore and Dickey are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

28.    The termination of Plaintiff was an official action of PPWA in that the termination was motioned by the Mayor as a Board Member of PPWA and approved by PPWA Board as such PPWA is liable as well.

29.    Defendants Moore and Dickey have acted with conscious disregard for the federally secured rights of Plaintiff and as such punitive damages in excess of $10,000.00 should be assessed against them.

30.    As a result of the conduct of Defendants PPWA, Moore and Dickey, Plaintiff has sustained actual damages in excess of $10,000.00.

### COUNT III

### MALICOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP- DEFENDANTS DICKEY AND MOORE

Plaintiff restates and re-alleges the foregoing allegations. Additionally, Plaintiff alleges:

31.   Defendants Moore and Dickey maliciously interfered with Plaintiff's contractual relationship by acting maliciously and in bad faith and contrary to the interests of PPWA and Town of Porter by tampering and interfering with Plaintiff's contractual relationship with PPWA and Town of Porter as set forth above. Defendants Moore and Dickey were motivated by a desire to obscure their unlawful conduct and suppress Plaintiff's rights, retaliate and harass Plaintiff.

32.   As a result of the conduct of the Defendants Moore and Dickey, Plaintiff has sustained actual damages in excess of $10,000.00 and should be awarded punitive damages in excess of $10,000.00.

## COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-DEFENDANTS MOORE and DICKEY

Plaintiff incorporates by reference all of the foregoing allegations. Additionally, Plaintiff alleges:

33.   Defendants engaged in outrageous conduct as set forth above.

34.   Defendants acted with the intent of inflicting, and in fact, did inflict emotional distress of Plaintiff.

35.   As a result of Defendants' conduct, Plaintiff sustained actual damages in excess of $75,000.00.

36.   Defendants' acted with reckless disregard of the rights of Plaintiff, and acted intentionally with malice, and as such punitive damages should be assessed against Defendants.

7

## COUNT V-REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF- TOWN OF PORTER

37.    Town of Porter is a public body within the Oklahoma Open Meetings Act, 25 O.S. § 301 *et. seq.* (OOMA).

38.    That the OOMA provides that conduct taken in violation of the OOMA is invalid. See 25 O.S. § 313.

39.    That the OOMA provides that an individual, like Plaintiff, can bring an action for declaratory and injunctive relief.

40.    That on January 19th 2017, an alleged Special Meeting was had by the Town of Porter.

41.    That among the conduct taken at the alleged Special Meeting on January 19th 2017 was eliminating Plaintiff's elected position as Town Treasurer.

42.    That notice for the Special Meeting was posted January 18th 2017.

43.    That 25 O.S. § 311 requires a minimum of 48 hours advanced notice which the January 19th 2017 clearly did not provide.  Moreover, members of the board discussed and decided in advance what action to take regarding Plaintiff.

44.    That all action taken at the January 19th 2017 should be declared invalid, Plaintiff should be immediately reinstated to her position as Town Treasurer and Town of Porter should be enjoined from further violations.

45.    Further, the contents of executive session where unlawfully leaked by members of the Board of the Town of Porter.

## CONCLUSION

8

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants, against PPWA as to Plaintiff's breach of contract and 42 U.S.C. § 1983 claims in excess of $10,000.00, as to Defendant Porter for injunctive and declaratory relief, Plaintiff additionally requests judgment against the individual Defendants.  Plaintiff requests judgment in excess of $10,000.00,  the costs of this action, a reasonable amount of attorney fees, punitive damages against all individual Defendants and any other and further relief that this Court deems proper.

Brendan M. McHugh, OBA #18422
Dana Jim
Route66 Lawyers
Attorneys for Plaintiff
P.O. BOX 1392
Claremore, OK 74018
(918) 608-0111
Fax: (918) 803-4910
Email:bmcq1990@gmail.com

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**

# TOWN OF PORTER
## And
## PORTER PUBLIC WORKS AUTHORITY
## PERSONNEL POLICIES

### CHAPTER 1



### INTRODUCTION

## Section 1.          Objective

These policies are designed to bring to the Town of Porter and the Porter Public Works Authority a high degree of understanding, cooperation, efficiency and unity through the systematic and uniform application of personnel practices. Objectives of the personnel management system, which includes these policies, are:

**A.**    To promote and increase efficiency, responsiveness to the public, and economy in the Town and Public Works Authority;

**B.**    To provide fair and equal opportunity for qualified persons to enter and progress in the Town and Public Works Authority in a manner based on merit and fitness as ascertained through fair and practical personnel management methods;

**C.**    To maintain recruitment, advancement and tenure practices enhancing the attractiveness of a Town and Public Works Authority career and encouraging each employee to give his or her best effort to the Town and the Public Works Authority;

**D.**    To maintain consistent, up-to-date position classification and compensation plans based on the relative duties and responsibilities of positions in the Town and Public Works Authority;

**E.**    To promote high morale among Town and Public Works Authority employees by fostering good working relationships and by providing uniform personnel policies, opportunities for advancement, and consideration of employee needs and desires.

## Section 2.          Equal Opportunity Policy

The policy of the Town and the Public Works Authority is to not discriminate against a person because of race, creed, age, handicap, national origin, age, color or sex. Discrimination against any individual in recruitment, appointment, training, promotion, discipline or any other aspect of personnel administration because of religious opinions, affiliations, membership or non-membership in employee organizations, marital status or other non-merit factors, is strictly prohibited.

1

## Section 3.        Applicability

These policies apply to all appointed and hired Town and Public Works Authority employees. A person on fee, retainer, under contract or agreement whether written or oral, is not subject to these policies in the absence of a specific written agreement to this effect.

## Section 4.        Distribution of Policies

All Town and Public Works Authority employees will be given a copy of these policies. Each department will keep a copy available for reference by its employees. An affidavit of receipt will be executed by each employee after having opportunity to read these policies and have any questions answered.

## Section 5.        Amendment

These policies may be amended, supplemented or superseded at any time deemed appropriate upon the recommendation of the Board of Trustees.

## Section 6.        Division of Responsibility

The Board of Trustees has sole responsibility for developing, administering and interpreting personnel policies and procedures as they apply to all departments. The Board of Trustees will advise in all areas of personnel administration, including employee management relations, training, career development and employee health, safety and morale.

The Board of Trustees is responsible for administering the provisions of these rules and related policies and procedures under supervision of the Board of Trustees on all matters pertinent to his or her department.

## CHAPTER 2

## METHOD OF FILLING VACANCIES

### Section 1.          Vacancy Identification

The Town Clerk and/or the Town Treasurer will be notified when vacancies occur or are imminent within the Town or the Public Works Authority.  All applications for employment must be made through the Town office.

### Section 2.          Eligibility

Any applicant for any position with the Town or the Public Works Authority must:

    1.    Be a U.S. citizen as evidenced by proof of birth or naturalization, or have a valid work permit.

    2.    Posses physical abilities suited to the requirements of the position for which he/she is an applicant. Persons    with    disabilities    will    receive    equal consideration along with other candidates solely on the basis of their qualifications.

### Section 3.          Applications

Application for initial employment or promotion will be submitted as prescribed by the Town Board of Trustees.

Employment applications from any applicant may be rejected for any of the following reasons:

    1.    The application clearly indicates minimum qualifications are not fulfilled.

    2.    The application is not completely filled out.

    3.    Fraud of deception is made or intended in any statement or fact.

The Board of Trustees will determine the most appropriate means of evaluating applicants against position requirements to identify the best qualified.  Reference checks, background checks, performance tests, written tests, medical examinations and/or any other screening procedures may be used as deemed appropriate.

## Section 4.          Promotion Policy

It will be policy to provide promotional opportunities whenever possible. A selection process may be limited to qualified Town or Public Works Authority employees or such employees may be given preference in application and/or consideration.

## Section 5.          Temporary Promotions

The Board of Trustees may authorize a temporary promotion to ensure the proper performance of the Town functions if a position is vacant or its regular incumbent is absent. Employees so promoted will be additionally compensated for the duration of their temporary assignments in amounts to be determined by the Board of Trustees.

Temporary promotions will not be used to circumvent normal selection procedures. The employees involved will not acquire any status or rights in the classes to which temporarily promoted except as provided above.

# CHAPTER 3

## EMPLOYMENT

### Section 1.          Authority

The appointing authority for all Town and Public Works Authority employment shall be the Board of Trustees.

Employment will be based on the qualifications of the applicants as ascertained through a fair and practical selection method.

### Section 2.          Employment Types

Employment will be designated either permanent full time, temporary full time, permanent part time, or temporary part time. The definitions of these designations are as follows:

1.  A permanent full time employee is a person who works a regular 40 hour week.

2.  A temporary fulltime employee is a person who works a 40 hour work week for a predetermined length of time.

3.  A permanent part time employee is a person who works less than 40 hours a work week in a permanent position.

4.  A temporary part time employee is a person who has a seasonal position, regardless of the number of hours worked in a work week.

### Section 3.          Personnel Files

A file will be maintained for each employee and will contain all documents obtained at the time of employment. Performance evaluations, letters of commendations, reprimands, and records of entitlement such as vacation, sick leave, and any other pertinent information will also be retained within the personnel files.

Employees have the right to review their personnel file and its contents at any time.

## Section 4.          Nepotism

No elected or appointed official or other authority of the Town of Porter shall appoint or elect any person related to any governing body member, or to himself with the third degree of affinity or consanguinity, which is a blood relationship by descent from the same ancestor, and not by marriage or affinity, which is a relationship by marriage and not by blood.

The Board of Trustees may apply the above nepotism prohibitions in other organizational and/or personal relationships when failure to do so would be detrimental to the Town or the Public Works Authority.

## Section 5.          Residency

There is no absolute resident requirment for employment with the Town or the Public Works Authority.  Employees subject to be on call in cases of emergency and/or required maintenance or service work after normal duty hours, must reside within an eight (8) minute travel radius of their department building regardless of weather and/or road conditions.

*[handwritten note]*

# CHAPTER 4

## PROBATION

### Section 1.          Probationary Period

Every new employee appointed to or promoted in the service of the Town or the Public Works Authority, will be required to successfully complete a probationary period of six months.  No benefits will accrue during the time of probation, however, vacation and sick leave will be retroactive back to the employment date.

The purpose of the probationary period is to closely observe and evaluate the work and fitness of employees and to encourage adjustment in their positions and to the service of the Town and the Public Works Authority.  Only those employees who meet acceptable standards during their probationary periods shall be retained as employees.

An employee will fail the probation period when, in the judgment of the Board of Trustees, the employee's fitness, quantity, and/or quality of work are not such as to merit continuation in the position.  Failure of probation may occur at any time within the probationary period and shall not be considered part of the disciplinary process.

### Section 3.          Right To Appeal Failed Probation

An employee failing probation will have no right to appeal except on the grounds of discrimination prohibited by law.  In such cases, the employee may appeal in writing to the Board of Trustees within five (5) working days following the notification of their failure of probation.  The decision of the Board of Trustees will be final.

# CHAPTER 5

## PERFORMANCE EVALUATION

### Section 1.          Performance Evaluations

The performance of each employee will be evaluated each fiscal year by the Board of Trustees. Special evaluations may be made if authorized by the Board of Trustees. Employees on their initial six (6) month probation shall be evaluated at any time the Board of Trustees deems necessary.

The purpose of performance evaluations is designed to help the Board of Trustees and employees measure how well work is being performed and to provide a tool for management decisions regarding merit increases, training, promotions and for the retention of employees.

The performance of each employee will be evaluated in accordance with procedures developed by the Board of Trustees. The Board of Trustees will individually discuss each employees performance with them. If necessary, they will counsel the employee regarding any improvements which appear to be desirable and/or necessary to improve the employees performance.

8

# CHAPTER 6

## COMPENSATION

### Section 1.          Basis For Compensation

The Town Clerk and the Town Treasurer shall administer the compensation plan for the Town and the Public Works Authority employees.

The Board of Trustees will determine salaries based upon prevailing rates of pay among public and private employers as well as the duties, responsibilities and qualifications required of the employee to function properly in their position.

### Section 2.          Administration of Salaries

Salaries will be administered in accordance with the following rules:

1. A new employee's salary will be commensurate with his or her qualifications.

2. Subject to budget limitations, merit increases may be granted upon recommendation of the Board of Trustees.

3. Salary increases for all permanent employees will normally occur at the beginning of each fiscal year.

4. The Board of Trustees will determine from the availability of funds the amount of monies available for employee salary increases.

5. If available, cost of living increases will be determined by the Board of Trustees.

### Section 3.          Pay Day

Salaried employees are paid twice monthly on the 15th and the last working day of the month.  Hourly employees are paid bi-weekly.

Payroll checks are distributed by the Town Clerk or the Town Treasurer to the employees by 12:00 noon on the given payday.  If the employee is off duty on their payday and they wish to have their check picked up by someone else, a written note must be provided identifying the person who will be picking up the check.  The note must also state the employee gives their permission for their check to be released.

Pay check advances are not allowed.

9

**Section 4.** **Overtime**

All employees who are eligible for overtime will be compensated at a rate of one and one-half times their normal hourly rate for all hours worked in excess of forty (40) hours per week. If overtime is not being offered, due to budget restraints, Comp Time will be granted in lieu of overtime. Comp Time compensation will be based upon overtime rules.

Salaried employees are not eligible for overtime and are required to work the number of hours necessary to satisfactorily care for their position.

In certain rare circumstances, a salaried employee may be asked to work more than the number of hours required to satisfactorily care for their position. In those instances, a salaried employee may be compensated with time off equal to the amount of time they worked over. No more than twenty four (24) hours can accrue. This "comp" time must be taken during the year earned as it cannot be carried over to the next year.

**Section 5.** **Jury Duty**

All employees will be granted a leave of absence from regular duties when called for jury service.

The length of such authorized absence will be equal to the time required for jury service. Proof of the jury duty summons must be furnished to the Town Clerk or the Town Treasurer.

Employees on authorized leave for jury duty will be continued on the payroll at full salary. This is in addition to the amount the employee will be compensated by the courts for their time.

10

# CHAPTER 7

## TIME OFF

### Section 1.          Holidays

1.     The following Holidays will be observed annually:

New Year's Day
Martin Luther King Day
President's Day
Good Friday
Memorial Day
Independence Day
Labor Day
Columbus Day
Veteran's Day
Thanksgiving Day
Day after Thanksgiving
Christmas Eve
Christmas Day

2.     All employees will be paid one days pay for each official holiday.  To be eligible for holiday pay, the employee must work the scheduled workday preceding and following the holiday unless previous time off has been arranged.

3.     Employees scheduled to work on a holiday, who fail to work as scheduled, will not be eligible for holiday pay.

4.     When an employee has to work on a holiday, the employee will receive the days pay plus his regular salary for hours actually worked (double time).

### Section 2.          Vacation

1.     Vacation time accrues on a monthly basis beginning with the month of hire.  An employee, however, must be employed by the Town or the Public Works Authority for one year before they are eligible for a vacation.

Vacation time accrues as follows:

| Years of Service | Rate of Accrual | Days Earned |
|------------------|-----------------|-------------|
| 1-5 | 5/6 day per mo | 10 |
| 6-15 | 1 1/4 day per mo | 15 |
| 16 and over | 1 2/3 day per mo | 20 |

11

2.     Permanent part time employees accrue vacation based upon the amount of time they are scheduled to work during the pay period.   As an example:   A permanent part time employee works four (4) days per pay period.   That employee would be eligible for four (4) vacation days after their first year of hire.

3.     While it is preferable for employees to take their vacation time in the year it is accrued, circumstances oftentimes prevent this from happening due to the nature of our business.   In those cases, employees may roll-over two (2) weeks of their unused vacation time into their next anniversary accrual.

An employee may also request any unused vacation time be paid to them in a check in lieu of taking those days off or in lieu of the roll-over of two (2) weeks.

4.     If a permanent full time or permanent part time employee terminates after one (1) year of service, they will receive payment for any accumulated but unused vacation time.

5.     If an employee is on vacation and a holiday should occur, the employee will be granted an extra day of vacation.

6.     If more than one employee asks for the same vacation time as another employee, preference will be given to the employee with the longest tenure.

## Section 3.          Sick Leave

Sick leave is defined as a period in which the employee is incapacitated due to sickness or injury or for a medical, surgical, dental or optical examination or treatment.

Sick leave accrues on a monthly basis starting with the month of hire for full time employees.   Time accumulates at one half (1/2) day per month.   Sick leave can be taken beginning six months (6) after the date of hire.

The following guidelines pertain to sick leave:

1.     Sick leave is not to be used for vacation time.

2.     Sick leave cannot be taken in excess of time earned.

3.     If an employee is out sick when a holiday occurs, the holiday will not be counted as a sick day.

4.     Sick leave does not accrue while an employee is on leave of absence, during a suspension or during a layoff.

12

5.   All sick leave expires when the employee separates from employment, therefore, unused sick leave is not compensated.

6.   An employee taking excessive sick leave time off will be a factor in considering raises or promotions and can be a basis for dismissal of employment.

7.   Employees who are absent from work due to illness must report their absence to the Town offices within thirty (30) minutes of their start time. Any employee failing to make such a report can be penalized by having their time off changed from sick leave to time off without pay.

8.   Part time employees do not accrue sick leave time.

9.   Pregnancy and/or maternity leave will be treated like any other non-duty temporary leave.  Accumulated sick leave may be used for this purpose. After all sick leave is used, the employee may be granted leave without pay for the duration of the pregnancy.

10.  An employee can grant to another employee up to five (5) days of their accrued sick leave.  This would be acceptable when an employee has been off due to an illness or a medical procedure that has depleted their sick leave accrual.  Any employee wanting to grant over five (5) days of their accrued sick leave, must be approved by the Town Board of Trustees.

## Section 4.        Emergency Leave

The Board of Trustees may grant a full time employee time off without pay if the time off is deemed necessary or reasonable in order for the employee to care for a member of the employees immediate family, not to exceed three (3) working days.

Immediate family is defined as follows:

Wife
Husband
Child
Parents
Mother-in-law
Father-in-law
Brother
Sister
Grandparents
Foster parents

13

## Section 5.          Bearevement

In case of death to a member of an employees immediate family, as outlined on page thirteen (13), the employee will be granted leave with pay in the amount of three (3) working days immediately following the date of death.  Immediate family is defined above.

In case of death to relatives of the employee other than an immediate family member, time off will be considered on an individual basis and such time allowed as circumstances warrant.

## Section 6.          Military Leave

Employees whose military affiliation requires they attend mandatory training are eligible for military leave for a period not to exceed two (2) weeks.

Employees requiring military leave must furnish the Town Clerk and the Board of Trustee copies of their military orders or the appropriate document showing the necessity for the leave.

## Section 7.          Administrative Leave With Pay

An employee ordered not to report to work by the Board of Trustees for any reason, such as weather or a disaster can be granted an administrative absence with pay.

Employees will be granted administrative leave with pay, if necessary, in order to vote in an official election.

Employees called for jury duty will be granted administrative leave with pay during such service and will retain any fees paid by the courts.  The employee, when released from jury duty, is to report back to work.

With the approval of the Board of Trustees, an employee may be granted an administrative absence with pay for the purpose of attending a professional conference, convention, training, legislative proceeding or civic function or meeting, or for any purpose of coordinating with governmental and/or private agencies and entities in the interest of the Town or the Public Works Authority.

14

## Section 8.          Administrative Leave Without Pay

In circumstances not falling within other provisions of these policies, the Board of Trustees may authorize an employee to be absence without pay under such terms and conditions as may be mutually agreeable up to a maximum of one week.  Leave without pay in excess of one week must be submitted in writing to the Board of Trustees stating the reason for the leave.

## Section 9.          Absence Without Proper Authorization By The Board

An employee failing to report for duty or remain at work as scheduled without proper notification or authorization will be considered "absent without leave".  This could result in no pay for the employee.  An absence without proper authorization from the Board can constitute abandonment of duties which could result in dismissal.

Absences of three (3) consecutive days without authorization and/or notification may be considered a voluntary resignation.

## Section 10.          Family Medical Leave Act

Since the Town of Porter and the Porter Public Works Authority have less than fifty (50) employees, employees are not covered under this act.

## Section 11.          On Duty Absences & Injuries

Should an employee become injured while on the job performing their duties, the employee should report to the office if at all possible.  The extent of the injury will determine whether first aid can be administered at the office or whether the employee should be taken to a doctor or a hospital.

As with any on duty injury, a report must be filed with the Town Clerk so that a determination can be made on whether a Worker's Comp claim should be filed.

## CHAPTER 8

## EMPLOYEE CONDUCT

### Section 1.          Attendance

Employees shall be at their place of work in accordance with the Town and the Public Works Authority policies and regulations.  The Board of Trustees shall establish work time hours as well as office hours.

### Section 2.          Time Cards

Upon arrival, and departure from work, each employee is required to record their time on a time card.  Each employee is responsible for their time card only.

No employee is to add, erase or write upon any other employee's time card for any reason.  When a correction needs to be made to a time card, the Town Clerk and the Town Treasurer are the only authorized employees to make the corrections.

Tampering with any employee's time card is grounds for immediate dismissal.

### Section 2.          Work Standards

It is the duty of each employee to maintain high standards of cooperation, efficiency and economy in their work for the Town and the Public Works Authority. The Board of Trustees will organize and direct the work of their departments in order to achieve these objectives.

The current departments within the Board of Trustees are as follows:

1.     Sewer
2.     Water
3.     Police
4.     Street and Alley
5.     Fire/Emergency Management

If the work habits, attitude, production, appearance and/or personal conduct of an employee falls below appropriate standards, the department head will point out the deficiencies at the time they are observed.  Counseling to the employee in sufficient time for improvement should ordinarily precede formal disciplinary action.  Nothing, however, shall prevent immediate formal action, as provided elsewhere in these policies, when the interest of the Town or the Public Works Authority requires it.



## Section 3.          Political Activity

Except as may be otherwise provided by law, the following restrictions on political activity shall apply to Town and Public Works Authority employees as follows:

1.   Employees shall not use their positions for or against any candidate for public office in any jurisdiction.

2.   Employees shall not use Town property, excluding the City Park or Civic Center, to solicit, endorse, distribute or circulate any petition or material on behalf of any candidate for public office.

3.   Employees shall not engage in any political activity that would constitute a conflict of interest with their employment.

## Section 4.          Solicitation

Solicitation of funds for anything of value for any purpose whatsoever shall not be permitted of or by any Town or Public Works Authority employee.

## Section 5.          Physical Fitness

It shall be the responsibility of each employee to maintain the standards of physical fitness that is required to perform their duties.

## Section 6.          Personal Appearance

All employees, regardless of their degree of public contact, are expected to dress appropriately and in good taste. All employees are expected to maintain a good general appearance at all times.

## Section 7.          Financial Obligations

All employees are required to keep their personal financial affairs in good order. Failure to pay just debts, including taxes, may constitute grounds for disciplinary action up to, an including, dismissal.

17

## Section 8.        Care Of Town Owned Vehicles/Equipment

All employees are required to operate Town and Public Works Authority owned vehicles/equipment in a safe and prudent manner and in compliance with all laws. Improper and/or unsafe operation of vehicles/equipment is justification for disciplinary action.   In addition, all employees who have operating vehicles/equipment as a responsibility of their position must have and maintain an acceptable personal driving record.   Uninsurability or the exclusion of an employee by the insurance carrier is justification for dismissal.

All Town and Public Works Authority vehicles and/or equipment are to be used by the employee for business purposes only.   Any employee using a vehicle and/or equipment for personal use, will be terminated.

*allowed to use*
*ind del to use*
*to try → get license but*
*But they want*
*after be*
*— him*

18

## CHAPTER 9

## DISCIPLINE, APPEALS AND GRIEVANCES

<u>**Section 1.**</u>        <u>**Grounds For Disciplinary Action**</u>

The Board of Trustees and/or a department head may take disciplinary action against an employee for just cause.  Just cause shall be related to the deficiency involved.  It shall include, but not be limited to the following:

1.    Illegal, unethical or unsafe acts
2.    Violation of Town or Public Works Authority policies
3.    Regulations, policies or procedures
4.    Insubordination
5.    Inefficiency
6.    Neglect or abandonment of duties
7.    Participation in prohibited political activity or solicitation of such
8.    Abuse of sick leave or injury or disability benefits
9.    Absence without authorization
10.   Falsification of official documents or records
11.   Using or being under the influence of drugs or intoxicating beverages while on duty
12.   Waste of Town or Public Work Authority supplies
13.   Damage or unauthorized use of Town or Public Works Authority property
14.   Unauthorized use or disclosure of official information
15.   Unauthorized or improper use of official authority
16.   Tampering with another employee's time card.

<u>**Section 2.**</u>        <u>**Types Of Disciplinary Action**</u>

Formal disciplinary action taken shall be consistent with the nature of the deficiency or infraction involved and with the record of the employee.

Nothing within these policies, however, will prohibit the administration of informal disciplinary action, such as oral reprimands, for just cause.

Formal disciplinary action may include one, or any, of the following:

1.    **Written reprimand**.  The written reprimand shall describe the deficiency or infraction involved.  It shall further state the likely consequences of further unsatisfactory performance and/or conduct.  Three reprimands may constitute grounds for dismissal.

19

2. **Suspension**. The Board or Department Head may suspend an employee without pay for up to fifteen (15) days in one calendar year. All suspensions in excess of fifteen days must be approved by the Board.

A written notice describing the deficiency or infraction involved, the terms of the suspension and the likely consequences of further unsatisfactory performance and/or conduct must be given to the employee at the time of the suspension. The suspension will become a permanent document in the employees personnel file.

When an employee is under investigation for a crime, official misconduct or is awaiting a hearing or trial in a criminal matter, the employee may be suspended without pay for the duration of the proceedings. If the investigation or proceedings clear the employee, they will be eligible for reinstatement under such terms and conditions as may be specified by the Board of Trustees.

3. **Reduction in pay or demotion**. An employees pay may be reduced or they may be demoted. A written notice must be given to the employee which states the reason for the reduction in pay or the demotion. The demotion document will become a permanent document in the employees personnel file. The employee will not be disqualified from consideration for later advancement and/or a pay increase.

4. **Dismissal**. An employee may be dismissed from employment for just cause or for the good of the service. No written notice of dismissal will be given under these circumstances.

Any employee who is dismissed shall forfeit all rights to any benefits accorded employees leaving the company in good standing except for any unpaid vacation time that has accrued.

Any of the above types of formal disciplinary action may be invoked depending upon the exact circumstances. An employee may be formally advised at any time that they may be disciplined or dismissed for further unsatisfactory performance and/or conduct.

## Section 3.          Appeal Rights Of Disciplinary Action

Formal disciplinary action taken under these policies may be appealed in writing directly to the Board of Trustees within five (5) working days following notice of the action. The action may be stayed pending the decision of the appeal, or may take effect at any time after it is issued of the notice as determined by the Board of Trustees.

20

Upon request, an employee, against whom disciplinary action is taken, shall be entitled to appear personally before the Board of Trustees. All parties shall have the opportunity to present their positions. The Board of Trustees, following careful investigation, shall have the authority to approve, disapprove, modify, or rescind any disciplinary actions taken or proposed.

For employees on probationary status, there will be no right of appeal except on the grounds of discrimination which is prohibited by law or these rules.

## Section 4.        Grievance Procedures

Employees shall be encouraged to informally take any duty-related complaints or problems to the Board of Trustees. It shall be the responsibility of the Board to study the grievance and attempt to resolve it within fifteen (15) calendar days. Further disussion with the employee shall be encouraged.

Any intimidation, coercion or threatened reprisals used to violate the intent of these policies by any parties involved shall constitute just cause for disciplinary action.

21

# CHAPTER 10

## NONDISCIPLINARY SEPARATION

### Section 1.          Resignation

A two (2) week notice is customary when an employee is resigning from their position. This will allow the employee to leave employment in good standing. The Board of Trustees, however, can waive any or all portion of the two week notice.

Employees who terminate voluntarily are entitled to a two (2) week notice and any pay due.

### Section 2.          Incapacity

Employees may be separated from service due to incapacity for medical reasons when the employee no longer meets the standards of fitness required for the position and/or the employee cannot return to work within fifteen (15) days following the use of all accrued sick leave benefits.

Separation for incapacity is not to be considered as disciplinary action.

### Section 3.          Involuntary Termination

Involuntary termination, also known as being "laid off", may arise due to cutbacks in funds which would require a reduction in the work force. Before separating, a permanent employee will be given the chance to move into a vacant position, if available, for which they may be qualified.

The following criteria will be used for the retention of employees due to either a reduction in force or a cutback in funds:

1. Basic qualifications and experience.

2. Personality traits as reflected in interpersonal relationships.

22

# CHAPTER 11

## REINSTATEMENT

### Section 1.          Following Separation For Incapacity

A person who has separated from employment may be eligible to be reinstated within one (1) year following separation provided that:

    1.    The reason for the incapacity has been corrected.

    2.    There is a position available for which they are qualified.

### Section 2.          Veterans

Employees who left employment with the company in good standing to enter duty with the armed forces shall be eligible for reinstatement in accordance with applicable state and federal laws.

23

## JOB DESCRIPTION

**JOB TITLE:**        **ELECTED TOWN CLERK/COURT CLERK**

**Pay Range:**        **$250.00 per month**

## Duties As Court Clerk To The Municipal Court

  a. Assist the court judge in recording proceedings of the court.
  b. Preparation of writs, processes or other papers.
  c. Administer oaths required in judicial or other proceedings before the court.
  d. Responsible for the entry of all pleadings, processes and proceedings in the dockets of the court.
  e. Receive and give receipt of all fines, forfeitures, fees, deposits and sums of money payable to the municipal court.
  f. Perform other duties as assigned.

## JOB DESCRIPTION

**JOB TITLE:**     **ACCOUNTING CLERK/ELECTED TOWN CLERK**

**Pay Range:**     **$1600.00 to $3500.00 monthly**

### Duties As Clerk To The Governing Board:

      a.  Attends all meetings
      b.  Records all proceedings of governing body
      c.  Maintains ordinance book
      d.  Liaison between public and governing board

### Duties As Accounting Clerk:

      a.  Handles incoming and outgoing mail
      b.  Custodian of all municipal records
      c.  Prepares payroll and issues payroll checks
      d.  Maintains payroll and employee records
      e.  Prepares purchase orders
      f.  Pays all invoices
      g.  Prepares Federal Income, State Income, Social Security Tax, Workman's Compensation and Unemployment Compensation Reports
      h.  Prepares and issues W-2 forms
      i.  Type letters, memos, reports and correspondence
      j.  File documents
      k.  Perform other duties as assigned

## JOB DESCRIPTION

**JOB TITLE:**       **ELECTED TOWN TREASURER**

**Pay Range:**       **$400.00 paid annually on June 1st of each year**

### DUTIES AS TREASURER:

    a.   Collect revenue for the Town and Public Works Authority
    b.   Daily reconciliation of cash and receipts
    c.   Prepare daily bank deposits
    d.   Prepare payroll and issues payroll checks
    e.   Maintains payroll and employee records
    f.   Assist customers with inquiries
    g.   Complete reports
    h.   Type letters, memos and reports
    i.   File correspondence
    j.   Perform other duties as assigned

### DUTIES AS PORTER PUBLIC WORKS AUTHORITY TREASURER:

**Pay Range: $7.25 to $16.50 per hour**

    a.   Collect revenue for the PPWA
    b.   Prepare and enter monthly water meter readings
    c.   Process water bills
    d.   Reconcile monthly receipts
    e.   Assist customers with water payments
    f.   Assist customers with inquiries about water bills
    g.   Prepare daily bank deposits
    h.   Process past due notices
    i.   Process incoming and outgoing mail pertaining to PPWA
    j.   File correspondence
    k.   Process new water accounts
    l.   Process final bill accounts

## JOB DESCRIPTION

**JOB TITLE:**     SUPERVISOR OF WATER AND SEWER PRODUCTION

**Education:**     High school diploma or equivalent
                   Class C & D required within six months of hire

**Pay Range: $11.00 to $21.25 per hour**

**Experience:**    One year experience in water and sewer plant operations
                   preferable

**DUTIES:**

    a.    Oversee daily operation of water plant and sewer plant

    b.    Schedules daily work and projects

    c.    Oversees daily operation of water towers

    d.    Perform necessary and prescribed tests to guarantee proper plant operation and to ensure proper standards of treatment

    e.    Maintain records of all required and/or prescribed tests

    f.    Supervises personnel in the maintenance, repair and daily operations of water and sewer plants.

    g.    Makes recommendations regarding equipment needed and modifications to equipment

    h.    Read and interpret meters, gauges and scales

    i.    Calculate equipment changes to control flow

    j.    Supervises installation, maintenance and replacement of water and sewer lines

    k.    Recommends upgrading of water and sewer lines

    l.    Maintain all licenses.

    m.    Attend all training as mandated by position

    n.    Other duties which include, but are not limited to, the following:

        1.    Meter reading

        2.    Turning on and off water service

        3.    Maintenance of equipment

        4.    Maintenance of facilities

        5.    Replace and install old meters

        6.    Find and fixes leaks in lines

        7.    Install water and sewer taps

27

# JOB DESCRIPTION

**JOB TITLE:**    **WASTEWATER TREATMENT PLANT OPERATOR**

**EDUCATION:**    High school diploma or equivalent
Class C Certification Lab; Class D Wastewater

**Pay Range:**    **$9.00 to $18.50 per hour**

**EXPERIENCE:**    One year experience in wastewater plant operation preferable

**DUTIES:**

a.   Monitors daily operation of sewer plant
b.   Performs all necessary and/or prescribed tests to guarantee proper plant operation and to insure proper standards of treatment are being followed
c.   Perform minor repairs and maintenance of plant, equipment and grounds
d.   Prepares and keeps records of all required tests
e.   Prepare reports for submission to state and federal agencies
f.   Read meters, gauges, scales and adjust equipment to control flow
g.   Other duties which include, but are not limited to:

1.   Meter reading
2.   Turning on and off water service
3.   Maintenance of equipment
4.   Maintenance of facilities
5.   Replace and install old meters
6.   Find and fixes leaks in lines

28

## JOB DESCRIPTION

**JOB TITLE:**   **WATER AND SEWER PLANT LABORER**

**EDUCATION:**   High school diploma or equivalent, Class D Water & Sewer

**Pay Range:**   **$10.00 to $15.00 per hour**

**DUTIES:**

a. Assist Water Plant and Sewer Plant Operators in the maintenance and upkeep of plant
b. Assist in locating and repairing water line and sewer leaks
c. Maintain all licenses and certifications
d. Perform minor repairs and maintenance of plant, equipment and grounds
e. Read meters
f. Turning on and off water service
g. Maintenance of equipment
h. Maintenance of facilities
i. Replace and install old meters
j. Locate fix leaks in lines
k. Mowing and maintenance of grounds
l. Other duties as assigned

29

## JOB DESCRIPTION

**JOB TITLE:**        **POLICE CHIEF**

**Pay Range:**        **$1800.00 to $2500.00 per month**

**EDUCATION:**     High school diploma or equivalent; Associate degree in
Police Science or related field is encouraged, but not
required; CLEET Certification is required as well as attend training
for a Police Chief within six (6) months of employment

**EXPERIENCE:**    Two or more years of supervised command experience in law
enforcement preferable

**DUTIES:**

a.    Responsible for the enforcement of law and order
b.    Organizes, plans and directs the activities of the department
c.    Coordinates departmental activities with other agencies when
      appropriate
d.    Assists in the formulation and development of departmental
      policies, procedures and regulations
e.    Provides or arranges for training of personnel in police
      procedures, duties and use of equipment
f.    Read and interpret laws and policies governing police work
g.    Assign and coordinate the work of personnel
h.    Analyze activities and calculate costs in conducting operations and
      improvements
i.    Performs routine patrols and preliminary investigations
j.    Performs traffic control duties as necessary
k.    Secures crime scenes
l.    Performs arrests as necessary
m.    Responsible for testifying in court when called upon
n.    Performs other duties as assigned

31

## JOB DESCRIPTION

**JOB TITLE:**     **POLICE OFFICER**

**Pay Range:**     **$1600.00 to $2000.00 per month**

**EDUCATION:**     High school diploma or equivalent; Associate degree in Police Science or related field is encouraged but not required;   Must have CLEET Certification or be able to obtain it within six (6) months of service

**EXPERIENCE:**     Two or more years of supervised command experience in law enforcement

**DUTIES:**
a.   Responsible for the enforcement of law and order
b.   Assists the Police Chief in the formulation and development of departmental policies, procedures and regulations
c.   Read and interpret laws and policies governing police work
d.   Read and interpret Town ordinances
e.   Conducts routine patrols and preliminary investigations and traffic control duties
f.   Responds to calls and complaints
g.   Secures crime scenes
h.   Makes arrests when necessary
i.   Responsible for testifying in court when called upon
j.   Performs other duties as assigned

32